### TALBOT v. ACHESON, Secretary of State.
### Civ. A. No. 1541–50.

United States District Court
District of Columbia.
Jan. 30, 1951.

Belford V. Lawson, Jr., Washington, D. C., for plaintiff.

L. Clark Ewing, Asst. U. S. Atty., Washington, D. C., for defendant.

BASTIAN, District Judge.

Plaintiff, born in British Guiana on September 24, 1899, came to this country in

1927 and was naturalized as a citizen of the United States in June 1941. He lived in in the United States continuously from 1927 until 1943. He married here, and he and his wife (also a naturalized citizen) have lived in New York in an apartment rented by him and in his name, and on which he apparently paid the rent, utilities and certain other expenses, even during the time he was in Ethiopia. In 1943, he entered into a contract with the Ethiopian Government whereby he was to go to Ethiopia and there perform certain duties. His contract with the Ethiopian Government expired December 31, 1945.

He left Ethiopia on January 20, 1946, and arrived in the United States February 20, 1946. After attempting, without success, to find employment in the United States, he entered into another contract with the Ethiopian Government which was to run for three years.

Plaintiff again left the United States in June 1946 to go to Ethiopia, where he remained until the termination of his new three-year contract, at which time he applied for a visa for return to the United States. This request was refused on or about July 27, 1949, and at or about that time a Certificate of Loss of Nationality was issued, on the ground that plaintiff had resided continuously in Ethiopia for more than five years except for a "vacation" in the United States. His loss of nationality was based on the provisions of Title 8, Section 804, U.S.C.A. The pertinent parts of the statutes involved read:

"§ 804. *Expatriation of naturalized nationals by residence abroad*

"A person who has become a national by naturalization shall lose his nationality by:

\* \* \* \* \* \*

"(c) Residing continuously for five years in any other foreign state, except as provided in section 806 hereof. Oct. 14, 1940, c. 876, Title I, Subchap. IV, § 404, 54 Stat. 1170."

Section 504 of Title 8 U.S.C.A. provides:

"§ 504. *Place of general abode*

"For the purposes of sections 601, 707(b), 803, 804, 805, 806, and 807 of this chapter, the place of general abode shall be deemed the place of residence. Oct. 14, 1940, c. 876, Title I, Subchap. I, § 104, 54 Stat. 1138."

Plaintiff was admitted to the United States on or about December 18, 1950, for the purpose of prosecuting this case, which he filed after the refusal to admit him.

Plaintiff testified that he did not intend to return again to Ethiopia when he came back to this country early in 1946, but that he intended to find employment in the country of his adoption, and the Court so finds. It is true that in April 1946 he asked for the revalidation of his passport but this request was evidently written to provide for the contingency of his not obtaining suitable employment here.

■ The Court, therefore, finds that the plaintiff intended to and did take up his residence and "place of general abode" in this country on his return from Ethiopia in 1946.

■ The Court believes that, even if it did not find the facts as above set forth, the plaintiff is entitled to prevail in this case. Certainly, plaintiff never, since his naturalization, resided "continuously for five years in any other foreign state." The word "continuous" has been defined as follows by Funk and Wagnalls Standard Dictionary:

"connected, extended, or prolonged without separation or interruption of sequence; unbroken; uninterrupted; unintermitted".

An example of the use of that word has been given by that authority as: "Space and time are continuous." Certainly it cannot be said that plaintiff's residence in Ethiopia was "unbroken", "uninterrupted" or "unintermitted".

However, the Court is not pitching its decision on this definition alone. The plaintiff did in fact return to the country of his adoption with the intent to stay there, did take up his "place of general abode" in New York, and left the United States only when his search for suitable employment in this country was unsuccessful.

■ The Court is cold toward the plaintiff's contention on the question of domicile.

Residence, under Sections 804 and 504 of Title 8 U.S.C.A., is the place of general abode and, certainly, the place of general abode of plaintiff, during the periods he was in Ethiopia, was in Ethiopia for the purposes of those sections.

However that may be, the plaintiff, in the opinion of the Court, has not lost his American citizenship, under either the letter or the spirit of Section 804.

Plaintiff's counsel will prepare and submit to the Court, on two days' notice to opposing counsel, findings of fact, conclusions of law and judgment declaring plaintiff a citizen of the United States and entitled to a passport permitting his re-entry into the United States.